IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| GALEN J. SUPPES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-04095-MDH |
| ) | |
| CURATORS OF THE UNIVERSITY ) | |
| OF MISSOURI, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On August 3, 2015, the Court ordered the parties in this matter to brief the issue of subject matter jurisdiction. Plaintiff's complaint seeks a declaratory judgment that Plaintiff is the lawful owner of all patentable embodiments encompassed in two provisional patent applications filed in December of 2014.[1] The complaint cites the Declaratory Judgment Act and 28 U.S.C. § 1338(a)[2] as the basis for the Court's subject matter jurisdiction. On August 3, 2015, the Court expressed "increasing doubts about this Court's subject matter jurisdiction" and cited case law holding that pre-patent inventorship questions are non-justiciable in federal court. The Court ordered the parties to brief the issue of subject matter jurisdiction within 21 days.

---

[1] The complaint alleges Plaintiff, a tenured engineering professor at the University of Missouri, conceived a potentially patentable invention called the "Terreplane Transit System" over the course of the winter break and outside the scope of his employment with the University. Plaintiff alleges he filed two provisional patent applications in December of 2014 in order to protect his interest in "key embodiments" to his potentially patentable invention. Plaintiff brings this action seeking a declaratory judgment that Plaintiff owns all right, title, and interest in "any patent arising from Plaintiff's provisional applications of December 26, 2014 and December 30, 2014" and an injunction preventing Defendant from "interfering with or claiming rights to Plaintiff's provisional applications for the Terreplane Transportation System."

[2] Section 1338 states: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights. For purposes of this subsection, the term 'State' includes any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, the United States Virgin Islands, American Samoa, Guam, and the Northern Mariana Islands." 28 U.S.C. § 1338(a).

Plaintiff responded to the Court's order and cited the Leahy-Smith America Invents Act, which was enacted in 2011. The Leahy-Smith America Invents Act amended the language in 28 U.S.C. § 1338(a) by striking out the sentence that stated "[s]uch jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases" and inserting language that states "[n]o State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights[.]" *See* Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 19(a), 125 Stat 284, 331 (2011). Plaintiff argues the subject of his complaint is "ownership of patentable intellectual property as related to the Plaintiff's pending applications for patent" and that, because patent law "defines the interrelation between dates of invention and patent priority[,]" this action is covered by the exclusive jurisdiction provided in 28 U.S.C. § 1338(a).

Defendant responded to the Court's order and argued the Court lacks subject matter jurisdiction. Defendant's suggestions cite appellate case law holding that claims for inventorship are not ripe for judicial review unless and until a patent has issued, *E.I. Du Pont de Nemours & Co. v. Okuley*, 344 F.3d 578, 582 (6th Cir. 2003) (citing to *Beech Aircraft Corp. v. EDO Corp.*, 990 F.2d 1237, 1248 (Fed. Cir. 1993)), and holding that federal courts do not have authority to adjudicate claims with respect to pending patents because such authority is vested exclusively in the Patent and Trademark Office, *Camsoft Data Systems, Inc. v. Southern Electronics Supply, Inc.*, 756 F.3d 327, 334 (5th Cir. 2014). Defendant's suggestions further argue the Court has no jurisdiction over Plaintiff's ownership-based claims because, although tangentially related to patentable intellectual property, such claims do not "arise" under patent law. Defendant requests the Court to dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

Upon careful consideration of relevant case law and the parties' legal suggestions, the Court agrees with Defendant that Plaintiff's claims should be dismissed for lack of subject matter jurisdiction. Plaintiff cites two sources for the Court's subject matter jurisdiction, neither of which provides a valid basis for jurisdiction in this case. The Declaratory Judgment Act, cited by Plaintiff and codified at 28 U.S.C. § 2201, does not provide an independent basis for subject matter jurisdiction; rather, it is remedial only and the proponent of federal jurisdiction must further plead either federal question jurisdiction or diversity jurisdiction. *See First Fed. Sav. & Loan Ass'n of Harrison, Ark. v. Anderson,* 681 F.2d 528, 533 (8th Cir. 1982) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950)). Plaintiff does not allege diversity jurisdiction but he does allege exclusive federal jurisdiction under 28 U.S.C. § 1338(a). Section 1338(a) extends jurisdiction "to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law[.]" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988). Unfortunately for Plaintiff, his claims are neither created by federal patent law nor present a substantial question of federal patent law.

First, to the extent Plaintiff seeks a declaration of inventorship regarding the "patentable embodiments" contained in his provisional patent application, the Court has no authority to consider such a claim. Although the issue of inventorship is considered a substantial question of federal patent law, it is clear from the statutes, *compare* 35 U.S.C. §§ 116 and 256, and case law that "until a patent has actually issued, any questions of inventorship are not justiciable outside of the Patent and Trademark Office." *See, e.g., Camsoft Data Sys., Inc. v. S. Electronics Supply, Inc.*, 756 F.3d 327, 336 (5th Cir. 2014) cert. denied, 135 S. Ct. 1162 (2015); *HIF Bio, Inc. v. Yung Shin Pharm. Indus. Co.*, 600 F.3d 1347, 1354 (Fed. Cir. 2010), as amended on reh'g in part

3

(June 14, 2010); *E.I. Du Pont de Nemours & Co. v. Okuley*, 344 F.3d 578, 583-84 (6th Cir. 2003).[3] Here, Plaintiff has filed only a provisional patent application. Because Plaintiff has not yet been issued a patent, any inventorship claims brought by Plaintiff are non-justiciable.

Second, to the extent Plaintiff seeks a declaration of ownership, as opposed to inventorship,[4] over his provisional patent application or the "patentable embodiments" contained therein, such a determination arises under state contract law rather than federal patent law. *See, e.g., HIF Bio*, 600 F.3d at 1357 (citing *Consol. World Housewares, Inc. v. Finkle*, 831 F.2d 261, 265 (Fed. Cir. 1987)); *Bd. of Regents, Univ. of Texas Sys., ex rel. Univ. of Tex. at Austin v. Nippon Tel. & Tel. Corp.*, 414 F.3d 1358, 1362-65 (Fed. Cir. 2005) (collecting cases); *Beghin-Say Int'l, Inc. v. Ole-Bendt Rasmussen*, 733 F.2d 1568, 1571-72 (Fed. Cir. 1984) ("The sole question raised by the present complaint is whether the involved contracts should be interpreted as having conveyed title to two then non-existent U.S. patent applications. No Act of Congress relating to patents within the meaning of 28 U.S.C. § 1338(a) spells out criteria for determining what does or does not constitute a conveyance by contract. The district court committed no error, therefore, in dismissing the complaint for lack of jurisdiction."). Whether Plaintiff's "patentable embodiments" were assigned to Plaintiff's employer is a question governed by Plaintiff's

---

[3] While case law is clear that federal courts may not entertain pre-patent inventorship disputes, there is a split of authority on whether dismissal is appropriate based on lack of subject matter jurisdiction or based on failure to state a claim. The Federal Circuit Court of Appeals held that district courts do have subject matter jurisdiction over pre-patent inventorship claims but that, because patent law creates no private cause of action to challenge the inventorship of a pending patent application, such claims should be dismissed for failure to state a claim. *HIF Bio*, 600 F.3d at 1354. The Sixth Circuit Court of Appeals, conversely, held that district courts do not have subject matter jurisdiction over pre-patent inventorship claims because "we are unable to establish jurisdiction based on the theory that a disputed pending patent might eventually ripen into a patent controversy that Congress has authorized the federal courts to adjudicate" and, therefore, such claims should be dismissed for lack of subject matter jurisdiction. *Camsoft Data*, 756 F.3d at 336; *see also Okuley*, 344 F.3d at 583-84 (affirming dismissal for lack of subject matter jurisdiction). The Eighth Circuit has not addressed this issue.

[4] "[I]nventorship is a question of who actually invented the subject matter claimed in a patent. Ownership, however, is a question of who owns legal title to the subject matter claimed in a patent, patents having the attributes of personal property." *Beech Aircraft Corp. v. EDO Corp.*, 990 F.2d 1237, 1248 (Fed. Cir. 1993).

4

employment contract; the contractual nature of this action does not change simply because the contract at issue concerns potentially patentable subject matter. Accordingly, Plaintiff's ownership claims do not present a substantial question of federal patent law and Plaintiff cannot take advantage of the exclusive federal jurisdiction provided in 28 U.S.C. § 1338(a).

Based on the foregoing, Plaintiff's claims should be dismissed for lack of subject matter jurisdiction. The Court notes that Plaintiff's proposed amended complaint does not cure the jurisdictional defects cited herein.[5] Accordingly, this case is hereby **DISMISSED** for lack of subject matter jurisdiction and all pending motions are hereby **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date: September 8, 2015

        /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

---

[5] Plaintiff seeks to amend his complaint to add a claim for declaratory judgment regarding ownership of improvements to his invention made after the date of his December 2014 provisional patent applications, to add a claim for breach of contract/breach of good faith and fair dealing, and to seek a declaratory judgment that University officials are not protected by immunity. *See* Pl's Mot. for Leave to File Am. Compl. (Doc. 45). The proposed amended complaint cites the same basis for the court's subject matter jurisdiction, i.e. 28 U.S.C. §§ 1338(a) and 2201. *See id.* The Court notes that the proposed additional declaratory judgment claims do not have a valid independent basis for subject matter jurisdiction, as discussed above, and Plaintiff's breach of contract claim is an issue of state contract law.